**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 25-00113-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY DEWAYNE LEWIS (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever Trial (Record Document 75) filed by Defendant Larry Dewayne Lewis ("Larry Lewis"). Pursuant to Federal Rule of Criminal Procedure 14(a), "Larry Lewis seeks a severance of his case from Kevin Terrell Lewis to avoid the unfair prejudice of possibly being punished for his brother's alleged actions." Id. at 2. The Government filed a response in opposition to the Motion to Sever Trial, arguing joinder is proper and will not result in prejudice. See Record Document 83.

**Facts**

On August 6, 2025, the Government filed a six-count Superseding Indictment charging Kevin Terell Lewis ("Kevin Lewis") and Larry Lewis – who are brothers – with two separate robberies, one of which resulted in death. See Record Document 37. Count One charges both defendants with Conspiracy to Use, Carry, Brandish, and Discharge Firearms During and in Relation to a Crime of Violence, all in violation of 18 U.S.C. § 924(o). See id. at 1. The time period of the conspiracy covers both alleged robberies. See id. Count Two charges both defendants with committing a robbery of the owner/manager of the Pull-Up Liquor Store on December 23, 2024, all in violation of 18 U.S.C. §§ 1951(a),[1] (b)(1) & 2. See id. at 2. Count Three charges Kevin Lewis with a

[1] 18 U.S.C. § 1951 is commonly known as The Hobbs Act.

Section 924(c) firearm offense for the Pull-Up Liquor Store robbery. See id. at 2-3. Count Four charges both defendants with committing a robbery of B.J., at Walgreens on January 22, 2025, all in violation of 18 U.S.C. §§ 1951(a), (b)(1) & 2. See id. at 4. Count Five charges Kevin Lewis with a Section 924(c) firearm offense for the Walgreen robbery. See id. at 3-4. Count Six charges both defendants with Causing Death by Using and Discharging a Firearm During and in Relation to a Crime of Violence, all in violation of 18 U.S.C. §§ 924(j)(1) and 2. See id. at 4.

The defense submits that the Government will seek to prove that Kevin Lewis robbed both victims at gunpoint and killed the second victim. The defense further avers that the Government will seek to prove that Larry Lewis was present for both robberies, was aware of the intended purpose, and assisted Kevin Lewis in some fashion. In the motion, the defense further states:

> The evidence seems to support that Kevin played a more active role in the alleged offenses, while Larry acted as a driver and/or lookout person. Again, Larry denies all allegations. However, at trial, Larry is concerned of the "spillover" effect; that he will be judged by the alleged actions of Kevin. For this reason, he [Larry] seeks to be tried separately.

Record Document 75-1 at 2.

**Law**

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. The Fifth Circuit has held that joint trials are preferred, "particularly in conspiracy cases," and review of the denial of a motion to sever is highly deferential. United States v. Page, 181 F.4th 509,

528 (5th Cir. 2026), citing United States v. Daniel, 933 F.3d 370, 380 (5th Cir. 2019). Absent "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," severance is not warranted. Page, 181 F.4th at 528, citing Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933 (1993). "A spillover effect, by itself, is an insufficient predicate for a motion to sever." United States v. Bieganowski, 313 F.3d 264, 287 (5th Cir. 2002). The Fifth Circuit emphasized that "curative instructions are the preferred remedy for problems caused by joint trials." Page, 181 F.4 at 528. A defendant bears a heavy burden of showing to show severance is required. See id.

**Analysis**

The defense believes that the Government will seek to prove that while both Kevin Lewis and Larry Lewis were present at both robberies, Kevin Lewis was the more active participant. Larry Lewis argues that he must be judged for his own alleged conduct, and not that of his brother. Larry Lewis "fears the cumulative evidence will stoke anger in the jury and he will be judged for the actions of Kevin." Record Document 75-1 at 4.

The defense has failed to establish a serious risk that a joint trial would compromise a specific trial right of Larry Lewis or prevent the jury from making a reliable judgment about guilt or innocence. See Page, 181 F.4th at 528. Defense counsel's concern over a spillover effect is simply insufficient to warrant a severance. See Bieganowski, 313 F.3d at 287. The Court will issue curative instructions at trial to remedy any potential problem cause by a joint trial in this matter.

Accordingly,

**IT IS ORDERED** that the Motion to Sever Trial (Record Document 75) filed by Larry Lewis is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE